[No. 5174.   Decided April 3, 1905.]

F. J. GEHRES *et al., Respondents,* v. JOHN WALLACE *et al., Appellants.*[1]

APPEAL—DISMISSAL—RECORD—EVIDENCE— ADMISSION—EXHIBITS —RECORD BOOKS NOT FILED IN CASE. An appeal will not be dismissed for appellant's failure to incorporate in the evidence as exhibits county records of the auditor's office exhibited to the trial court by the respondents and purported to be received in evidence, over appellant's objections, where the trial court refused to require the books to be kept with the files of the case as part of the exhibits, but permitted them to be at once returned to the auditor's office, since they were not thereby put in evidence and appellants could not bring them up on appeal.

FRAUDULENT CONVEYANCES—ASSIGNMENT TO DAUGHTER OF PROPERTY BELONGING TO HER—EVIDENCE OF FRAUD—SUFFICIENCY. The evidence is insufficient to support a finding that an assignment of a land contract from a father to a daughter was fraudulent as to creditors, where it appears that the father made the pur-

[1]Reported in 80 Pac. 273.

chase on behalf of the daughter without consulting her, not having time to do so, that she ratified the contract and made another payment thereon, and that, upon being sued shortly thereafter, the father assigned the contract to the daughter, it being undisputed in the testimony that the purchase money paid on the contract was a part of the proceeds of the sale of wheat received by the daughter as rent from other land owned by her; since the beneficial interest in the lands was at all times in the daughter irrespective of the assignment complained of as fraudulent.

Appeal from a judgment of the superior court for Lincoln county, Neal, J., entered December 17, 1903, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to set aside a fraudulent conveyance. Reversed.

*Martin & Grant,* for appellants.

*Myers & Warren,* for respondents.

PER CURIAM.—The appellants John Wallace and Nancy C. Wallace are husband and wife, and Alice B. Wallace is their daughter. In the fall of 1901 the father entered into a contract for the purchase of a quarter section of land, situated in Lincoln county, agreeing to pay therefor the sum of $1,250, in five equal annual installments of $250 each. This contract he testifies he entered into on behalf of his daughter, although without any request from her so to do—the explanation given of this fact being that the land had just come into market, and that he had no time to consult with the daughter, who was away in another county, before making the purchase, as the land had to be purchased at once if at all. At the time the contract was entered into, the first installment of the purchase price was paid. This was paid by the father out of money belonging to the daughter, which the father had received from the sale of some wheat, grown upon another farm which the daughter owned. Later on the daughter was

communicated with, whereupon she consented to accept the
contract, and, between that time and the commencement of
this action in 1902, she paid about $100 more towards
the purchase price.   At the time this contract of purchase
was entered into, the father was indebted to the respond-
ents in sums amounting to nearly $800, and shortly there-
after was sued on the indebtedness, and a judgment ob-
tained against him.   Immediately after the service of the
summons was made upon him in that action, he came with
his wife and daughter to Lincoln county, and there
formally assigned the contract of purchase over to his
daughter.   The respondents conceived that this transfer
was fraudulent, made to deprive them of the fruits of their
judgment, and they brought this action to set the same
aside, and to have the interests of the appellants in the
property subjected to a sale, in satisfaction of their judg-
ment.   On the trial the court found the transfer from the
father to the daughter to be fraudulent, as against the
respondents, and entered a decree accordingly.

The respondents move to dismiss the appeal, because
certain instruments claimed to have been put in evidence
are not among the exhibits brought to this court.   Whether
this would be, in any case, a ground for dismissing an ap-
peal without first giving the other side an opportunity to
supply the record, we do not now determine, as it is a
sufficient answer to the motion to say that we do not find
that the exhibits mentioned were ever put in evidence.
The respondents had the county auditor bring before the
court certain public books of record of his county, in his
charge, and exhibit to the court certain pages therein, on
which certain instruments were recorded, but neither the
books containing the pages nor the pages themselves were
introduced in evidence.   It is true, the respondents offered
them in evidence, and the court, over objection, purported
to admit them, but the court allowed the county officer

bringing them in to convey them away, as soon as his testimony concerning them was finished, refusing to require that the books be kept with the files of the case, as a part of the exhibits therein. The appellants could not bring them into this court, and their appeal is not to be dismissed because of their failure so to do.

On the main question, we are at a loss to know on what principle it can be held that the interest acquired in this land by the contract above mentioned can be subjected to the payment of the debt due the respondents. That debt was the debt of the father, with which the daughter had nothing to do. The interest acquired in the land was acquired with the daughter's money, in which the father had no interest. This being so, the beneficial interest in the land was at all times in the daughter, and she could have successfully resisted its sale in satisfaction of her father's debt, even had no transfer of the actual title been made to her. The transfer complained of could not have been fraudulent as to any creditor of the father, therefore, no matter what the purpose was in making it. The court found, it is true, that the money paid on the purchase price was not the money of the daughter, but the most painstaking search of the record fails to disclose any evidence on which to base this finding. The only evidence there is on the question are the statements of the father, daughter, and mother to the effect that it was a part of the proceeds of the sale of wheat, received by the daughter as rent from another tract of land which she owned. These statements are not disputed in any way, nor is any other source even suggested from which the money might have been obtained. A finding so contrary to the evidence cannot be permitted to stand.

The judgment is reversed, and the cause remanded with instructions to enter a judgment for the appellants.